**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GUSTAVO JAVIER MACIAS and
other similarly situated servers,

Plaintiff,

v. Case No. 8:25-cv-1574-KKM-TGW

EL BALON, INC., and FABIAN
JIMENEZ,

Defendants.

---

# ORDER

Gustavo Javier Macias sues his former employer El Balon, Inc., and its majority owner Fabian Jimenez under the Fair Labor Standards Act (FLSA) for failure to pay overtime wages and brings a breach-of-contract claim against El Balon. *See* Compl. (Doc. 1-1). The defendants move for summary judgment on the FLSA claims based on affirmative defenses. *See* MSJ (Doc. 35). I deny the motion because there is a genuine dispute of material fact as to whether Macias was an exempt employee under the FLSA.

## I. BACKGROUND

El Balon, a Florida corporation, owns and operates the San Jose Mexican Restaurant located in Hillsborough County, Florida. Compl. ¶ 3. Jimenez is the majority shareholder of El Balon and familiar with its business operations.

Jimenez Decl. (Doc. 34) ¶ 2. In 2011, El Balon hired Macias to work at San Jose and provided him a ten-percent stake in El Balon. *Id.* ¶¶ 4–5; Macias Statement of Facts (Macias SOF) (Doc. 37) at 1. Macias worked at the restaurant with a manager title from 2011 until October 2024. Jimenez Decl. ¶ 5; Macias Decl. (Doc. 37-1) ¶¶ 2–4. Macias received a salary, paid weekly, for this work. Jimenez Decl. ¶¶ 23–25; *see also* Macias Decl. ¶¶ 21–23; Payroll (Doc. 34-3); Tax Statements (Doc. 34-4); Pay Stubs (Doc. 34-5). Beyond these facts, the parties agree on little.

According to the defendants, Macias was the "general manager" of the restaurant and functioned as such until he "resigned" in 2024. Jimenez Decl. ¶¶ 5, 28. Jimenez avers that "Macias supervised and was responsible for all of the Restaurant's day-to-day operations," including managing vendors and staff. *Id.* ¶¶ 6–10. For example, Macias tracked the restaurant's inventory and chose vendors, whom he had the authority to pay directly from El Balon's corporate bank account. *Id.* ¶¶ 7–10. Macias regularly endorsed checks to pay expenses such as rent, pest control, tips, and even his own salary. *See id.* ¶¶ 10–12; Endorsed Checks (Doc. 34-1). As for staff, Macias hired and fired employees and set their schedules. Jimenez Decl. ¶¶ 13–18; *see also* Schedules (Doc. 34-2).

Macias presents a different account. *See* Macias Decl. ¶ 4 ("My title of 'manager' did not reflect my actual duties."); Macias SOF (disputing in part or

in whole twenty-four of the defendants' twenty-five asserted facts). According to Macias, El Balon in effect "employed [him] as a non-exempt server," Compl. ¶ 9, and not as a "general manager," Macias Decl. ¶ 4. Rather, it was "Jimenez [who] was the general manager . . . responsible for the restaurant's day-to-day operations." Macias Decl. ¶ 4. He explicitly denies that he had the authority to hire or fire employees or that he created the weekly schedules. *Id.* ¶¶ 13–15.

Macias concedes that he engaged in some managerial activities "when directed," Macias Decl. ¶ 30, but denies that they were his primary duty or involved discretion, *see id.* For example, Macias acknowledges that he "participated in interviews at [Jimenez]'s direction" but maintains that he "did not make hiring decisions." Macias SOF ¶¶ 11–12. And while Macias admits to signing and endorsing checks for expenses and his own pay, he contends that he never "wr[ote] checks to himself *independently*" and "only endorsed checks at the direction of Fabian Jimenez." *Id.* ¶¶ 6–7 (emphasis added); *see also* Macias Decl. ¶¶ 9–10. Macias alleges that he spent less than ten percent of his time on managerial tasks, Macias Decl. ¶ 28, and "functioned as a helper or assistant rather than a decision-maker," *id.* ¶ 30. Despite his title, "[his] primary role was to perform the same work as [the] hourly employees." *Id.* ¶ 28.

In October 2024, Macias "was terminated by [Jimenez]" after he had complained about not getting overtime compensation. *See id.* ¶¶ 24–25. In

April 2025, he filed this suit in Florida state court, and the defendants removed the action under this Court's federal question and supplemental jurisdiction. *See* Compl. at 10; Notice of Removal (Doc. 1) at 2.

Macias brings two FLSA claims for failure to pay overtime wages. Compl. ¶¶ 22–44. Specifically, Macias alleges that he worked an average of fifty hours per week and was not paid for his overtime, despite clocking in and out of his shifts. *See* Macias Decl. ¶¶ 19–21. Macias also brings a breach of contract claim for failure to pay his stake of El Balon's profits "from 2011 to the present time." Compl. at 9; Notice of Removal at 1, 3.

The defendants move for summary judgment on the FLSA claims only. *See* MSJ. Macias responds in opposition. *See* Resp. (Doc. 38).

## II. LEGAL STANDARD

Summary judgment is appropriate if no genuine dispute of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A fact is material if it might affect the outcome of the suit under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"Whether an exemption of the Fair Labor Standards Act applies is 'a matter of affirmative defense on which the employer has the burden of proof.' " *Brown v. Nexus Bus. Sols.*, LLC, 29 F.4th 1315, 1318 (11th Cir. 2022) (quoting *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)). "If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting

an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense." *Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006). When that burden is met, the burden shifts to the nonmovant to present evidentiary materials (e.g., affidavits, depositions, exhibits, etc.) demonstrating that there is a genuine issue of material fact, which precludes summary judgment. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Where a fact-finder is required to weigh a deponent's credibility, summary judgment is simply improper," *Strickland v. Norfolk S. Ry. Co.*, 692 F.3d 1151, 1162 (11th Cir. 2012), and "even in the absence of collaborative evidence, a plaintiff's own testimony may be sufficient to withstand summary judgment," *id.* at 1160.

I review the record evidence as identified by the parties and draw all legitimate inferences in the nonmoving party's favor. See *Sconiers v. Lockhart*, 946 F.3d 1256, 1262 (11th Cir. 2020); *Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008).

## III. **ANALYSIS**

The defendants move for summary judgment on the FLSA claims, arguing that "[Macias] was exempt from the overtime compensation requirements" of the FLSA because he was employed "as an executive and administrative employee" under 29 U.S.C. § 213(a)(1). MSJ at 1–4. Macias

responds that genuine disputes of material fact concerning his duties preclude summary judgment. *See* Resp. at 3–4.

**A. FLSA Exemptions**

The FLSA generally requires that employers pay overtime to employees who work more than forty hours per workweek. *See* 29 U.S.C. § 207(a)(1); *Fowler v. OSP Prevention Grp., Inc.*, 38 F.4th 103, 105 (11th Cir. 2022). But certain categories of employees, including those employed in "administrative" and "executive" capacities, are exempted from the overtime requirements. *See* 29 U.S.C. § 213(a)(1); *Fowler*, 38 F.4th at 105.

The defendants cite older precedent under which FLSA exemptions were "to be narrowly construed." MSJ at 3 (citing *Thomas v. Speedway SuperAmerica, LLC*, 506 F.3d 496, 501–02 (6th Cir. 2007)). But the Supreme Court has since clarified that the exemptions must be given a "fair" and not a "narrow" reading. *See Blanco v. Samuel*, 91 F.4th 1061, 1071 (11th Cir. 2024) (quoting *Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 88 (2018)).

Department of Labor (DOL) Wage and Hour Division regulations set forth the exemption requirements. See *id.* at 1074; *Fowler*, 38 F.4th at 105–06; *see also* 29 U.S.C. § 213(a)(1) (exempting employees employed in executive or

administrative capacities insofar "as such terms are defined and delimited from time to time by regulations of the Secretary").

"A job title alone is insufficient to establish the exempt status of an employee," which "must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations." *Gregory v. First Title Of Am., Inc.*, 555 F.3d 1300, 1303 (11th Cir. 2009) (per curiam) (quoting 29 C.F.R. § 541.2). A "preponderance-of-the-evidence standard applies when an employer seeks to show that an employee is exempt from the minimum-wage and overtime-pay provisions of the [FLSA]." *E.M.D. Sales, Inc. v. Carrera*, 604 U.S. 45, 54 (2025). "How an employee spends [his] time working is a question of fact, while the question of whether the employee's particular activities exclude him from the overtime benefits of the FLSA is a question of law." *Langley v. Gymboree Operations, Inc.*, 530 F. Supp. 2d 1297, 1301 (S.D. Fla. 2008) (citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986)).

**1. Administrative Exemption**

The administrative exemption has three elements. *See Brown*, 29 F.4th at 1318. First, the employee must be compensated on a salary or fee basis "at a rate of not less than $684 per week." 29 C.F.R. § 541.200(a)(1); *see also Brown*, 29 F.4th at 1318. Second, his primary duty must be the performance of "office or non-manual work directly related to management or general business operations." *Brown*, 29 F.4th at 1318 (quoting § 541.200(a)(2)). Last, this

"primary duty" must "include[] the exercise of discretion and independent judgment with respect to matters of significance." *Id.* (quoting § 541.200(a)(3)).

According to federal regulations, "the exercise of discretion and independent judgment" must involve "the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." *Brown*, 29 F.4th at 1318 (quoting 29 C.F.R. § 541.202(a)). This does not preclude an employee's discretion being subject to review or consisting only of recommendations for action rather than the actual taking of action. *See id.* (citing § 541.202(c)). Although "[a] worker need not have 'limitless discretion,' " the administrative exemption does not apply where "workers perform only relatively routine tasks." *See id.* at 1318–19.

The exemption "generally applies to 'back office' employees who manage others or perform a supporting function that 'assist[s] with the running or servicing of the business' as a whole." *Bumgardner v. Forensic Pathology Servs., P.C.*, 2026 WL 366379, at *5 (11th Cir. Feb. 10, 2026) (per curiam) (quoting 29 C.F.R. § 541.201(a)).

The defendants argue that Macias qualifies for the administrative exemption from overtime pay due to his role overseeing the restaurant's employees and general operations. *See* MSJ at 5–12. They attach photos of checks endorsed by Macias, employee schedules that Macias allegedly created, payment and tax records, and a sworn declaration from Jimenez describing

Macias's work as "manager." *See* Endorsed Checks; Schedules; Pay Stubs; Payroll; Tax Statements; Jimenez Decl.

Macias responds with a sworn declaration, Macias Decl., that "disputes any claim that he had authority to negotiate, bind the company, formulate policy, implement management decisions, or exercise independent judgment over matters of significance," Resp. at 14.

Macias's declaration creates a genuine a dispute of material fact and precludes summary judgment. Macias demurs to having exercised independent discretion or judgment in his duties, denying, for example, that he set employees' schedules, hired or fired employees, or made purchasing decisions without direction. *See* Macias Decl. ¶¶ 6–7, 9, 14, 30–33; Macias SOF ¶¶ 28–29. "A plaintiff's testimony cannot be discounted on summary judgment unless it is blatantly contradicted by the record, blatantly inconsistent, or incredible as a matter of law, meaning that it relates to facts that could not have possibly been observed or events that are contrary to the laws of nature." *Copeland v. Ga. Dep't of Corr.*, 97 F.4th 766, 776–77 (11th Cir. 2024) (citation modified). None of those exceptions categorically undercuts Macias's

declaration about his duties, and a reasonable jury could conclude that Macias lacked discretion in his role.

**2. Executive Employee Exemption**

The defendants also argue that Macias falls under the executive employee exemption due to his responsibility for managing the restaurant. *See* MSJ at 12–15.

The executive exemption has four elements. *See White v. Dixie*, 741 F. App'x 649, 662 (11th Cir. 2018) (per curiam) (citing 29 C.F.R. § 541.100(a)). First, the employee is compensated above a minimum salary. 29 C.F.R. § 541.100(a)(1). Second, his "primary duty is management of the enterprise in which [he is] employed." *Id.* § 541.100(a)(2). Third, he "customarily and regularly direct[s] the work of two or more other employees." *Id.* § 541.100(a)(3). Last, he "has the authority to hire or fire other employees or [his] suggestions and recommendations . . . are given particular weight." *Id.* § 541.100(a)(4). I address only the fourth element because it is dispositive.

To satisfy the fourth element, a defendant must show that the plaintiff hired and fired employees or that he provided substantial input in the process. The defendants argue only the first option and offer only Jimenez's declaration as evidence. *See* Jimenez Decl. ¶¶ 15–17. Defendants do not name any specific employee hired or fired by Macias. Absent additional evidence, Macias's declaration denying the allegations is enough to raise a genuine dispute of

material fact. *Cf. Barreto v. Davie Marketplace, LLC*, 331 F. App'x 672, 675–678 (11th Cir. 2009) (per curiam) (vacating an order granting summary judgment under the executive exemption because the alleged manager's sworn testimony denying that his employment recommendations were given weight raised a genuine dispute of material fact).

Construing all available inferences in Macias's favor, I cannot conclude, as a matter of law, that Macias was employed in a bona fide executive capacity.

## IV. CONCLUSION

Accordingly, the following is **ORDERED**:

1. The Motion for Summary Judgment (Doc. 35) is **DENIED**.

**ORDERED** in Tampa, Florida, on July 30, 2026.

Kathryn Kimball Mizelle
United States District Judge